UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHMOOD SHAREEF,<br><br>　　　　　*Plaintiff*,<br>　v.<br><br>UNITED STATES OF AMERICA *et al.*,<br><br>　　　　　*Defendant*. | Civil Action No. 20-2648 (RDM) |

## MEMORANDUM OPINION

Plaintiff Mahmood Shareef brings suit under the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging that Defendants the United States of America and the Administrator and Deputy Administrator of the Federal Aviation Administration intentionally inflicted emotional distress upon him by failing to ground all Boeing 787 aircraft in light of the alleged safety risks that they pose. *See generally* Dkt. 1 (Compl.).[1] For the reasons that follow, the Court will *sua sponte* dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(h)(3) for failure to allege Article III standing.[2]

---

[1] Because Shareef is proceeding *pro se*, the Court must construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

[2] Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Accordingly, "a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when . . . it is evident that the court lacks subject-matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *see also Hurt v. U.S. Court of Appeals for D.C. Circuit Banc*, 264 F. App'x 1 (D.C. Cir. 2008)).

Article III of the Constitution limits "[t]he judicial power of the United States" to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 2. "To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). And to establish standing, a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Plaintiff's complaint fails to clear the hurdle of "injury in fact, the first and foremost of standing's three elements." *Id.* (brackets and internal quotation marks omitted). A plaintiff sustains an "injury in fact" when he suffers "an invasion of a legally protected interest" that is both (1) "actual or imminent, not conjectural or hypothetical," and (2) "concrete and particularized." *Id.* at 1548. An injury is "concrete" when it is "real[,] not abstract"—in other words, when it "actually exist[s]." *Id.* An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id.*

Because cognizable injuries must be particularized, "a generalized grievance, no matter how sincere, is insufficient to confer standing." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013). Consequently, "[a] litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Id.* (quoting *Lujan*, 504 U.S. at 573–74); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("Our refusal to serve as a forum for generalized grievances has a lengthy pedigree."); *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923) ("The party who invokes the [judicial] power must be able to

2

show . . . that he has sustained or is immediately in danger of sustaining some direct injury . . . and not merely that he suffers in some indefinite way in common with people generally.").

Plaintiff's grievance in this case is not sufficiently particularized. He claims that Boeing's 787 aircraft are unfit to fly for various reasons;[3] that Defendants' decisions to overlook those defects "will bring catastrophic aircraft failures killing hundreds of passengers," Dkt. 1 at 1 (Compl); and that he "gets emotionally distressed whenever there is [a] loss of innocent lives," *id.* at 2 (Compl. ¶ 2); *see also id.* (Compl. ¶ 3) ("The plaintiff gets emotional distress when . . . [Boeing's aircraft are permitted] to be flying without [the required] repairs."); *id.* at 3 (Compl. ¶ 6) ("The plaintiff is emotionally distressed when lives are involved[.]"). No matter how sincerely held, that concern constitutes "the quintessential generalized grievance;" Plaintiff's complaint is "devoid of any concrete allegations, such as specific actions of the various Defendants or specific harms suffered by" Plaintiff. *Common Purpose USA, Inc. v. Obama*, 227 F. Supp. 3d 21, 27 (D.D.C. 2016). It may be true that Plaintiff will suffer emotional harm should an aircraft crash occur. But that harm would likely be "'shared [by] millions of others.'" *Siegel v. U.S. Dep't of Treasury*, 304 F. Supp. 3d 45, 50 (D.D.C. 2018) (quoting *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 487 (1923)). And "'a generalized grievance shared in substantially equal measure by all or a large class of citizens . . . normally does not warrant exercise of jurisdiction.'" *Williams v. Lew*, 77 F. Supp. 3d 129, 134 (D.D.C. 2015), *aff'd*, 819 F.3d 466 (D.C. Cir. 2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *cf. Comm. on*

---

[3] Among other things, Plaintiff argues that Defendants are (1) permitting Boeing to conduct "illegal repairs" that should "not be considered repairs at all," Dkt. 1 at 2 (Compl. ¶ 3); (2) ignoring that the composite materials Boeing uses "leave[] residual stress in the [aircraft] cabin," *id.* (Compl. ¶ 4); (3) "ignoring requirement[s] of [the] Government Accountability Office" by insufficiently considering the age of Boeing aircraft, *id.* (Compl. ¶ 5); and (4) ignoring Plaintiff's recommendations, *id.* at 3 (Compl. ¶¶ 6–7).

*Ways & Means, U.S. House of Representatives. v. U.S. Dep't of the Treasury*, No. 19-cv-1974, 2019 WL 4673726, at *1 (D.D.C. Sept. 4, 2019) (finding plaintiff's injury raised a generalized grievance where the "alleged injury [wa]s shared by the entire country"). Plaintiff's emotional distress stemming from the risks to which Boeing's aircraft allegedly subject all passengers is thus not particularized enough to be cognizable under Article III. *See Warth*, 422 U.S. at 499.

A final point. Plaintiff's complaint twice alludes to a patent that Plaintiff claims he could have monetized had Defendants timely grounded Boeing's aircraft. *See* Dkt. 1 at 4 (Compl. ¶ 10); *id.* at 1–2 (Compl. ¶ 1). Although it is far from clear, Plaintiff appears to argue that (1) his patent provides an alternative method to manufacture certain composite materials used in aircraft; (2) Boeing does not currently use that method; (3) had Defendants correctly prevented Boeing aircraft from flying, Boeing or a third-party would have licensed Plaintiff's patent in order to create safer aircraft. *See id.* at 4 (Compl. ¶ 10); *id.* at 1–2 (Compl. ¶ 1). Assuming the Court understands Plaintiff's argument correctly, it too fails to satisfy Article III. Article III courts are necessarily "reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013). Here, even if Plaintiff owned a patent to create safer aircraft, and even if Boeing's aircraft were grounded, whether Boeing (or any other company) would have used Plaintiff's patent to manufacture aircraft is entirely speculative. Plaintiff's allegations of lost patent profits are thus not "fairly traceable" to Defendants' decisions not to ground Boeing's aircraft. *Id.*

For these reasons, the Court will *sua sponte* dismiss Plaintiff's complaint, Dkt. 1, under

Federal Rule of Civil Procedure 12(h)(3) for failure to sufficiently allege Article III standing.

    A separate order will issue.

/s/ Randolph D. Moss<br>
RANDOLPH D. MOSS<br>
United States District Judge

Date:  January 20, 2021